FILED
FEB 1 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL J. PHILBIN, )
13900 Congress Drive, )
Rockville, Maryland 20853, )
 )
    Plaintiff, ) Civil Case No.:_____
v. )
 )
 )
THE WACKENHUT CORPORATION, )
4200 Wackenhut Drive, #100 )
Palm Beach Gardens, Florida 33410; )
 ) CASE NUMBER 1:06CV00242
and )
 ) JUDGE: Colleen Kollar-Kotelly
WACKENHUT SERVICES, INCORPORATED, )
7121 Fairway Drive, Suite #301 ) DECK TYPE: Personal Injury/Malpractic
Palm Beach Gardens, Florida 33418; )
 ) DATE STAMP: 02/10/2006
and )
 )
THE BRICKMAN GROUP, LTD., )
375 S. Flowers Mill Road )
Langhorne, PA 19047; )
 )
    Defendants. )

JURY ACTION

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §1446, the defendants, The Wackenhut Corporation[1] and

Wackenhut Services, Incorporated, by and through their attorneys, JORDAN COYNE &

SAVITS, L.L.P. and Deborah Murrell Whelihan, hereby submit this Notice of Removal and

represent that this action is properly removable pursuant to 28 U.S.C. §1332 and 28 U.S.C.

---

[1] The Wackenhut Corporation is not a proper defendant to this lawsuit as it was not responsible for the property management at the Naval Security Station.

§1441(b). As grounds for removal, the Wackenhut defendants state as follows:

1. This Notice of Removal is timely and has been filed within thirty (30) days after the receipt of the lawsuit, through service, by all of the defendants named in the lawsuit. The plaintiff filed his original Complaint in the Superior Court for the District of Columbia, Civil Division, on or about January 13, 2006. The defendants, Wackenhut Services, Incorporated and The Wackenhut Corporation, were served with the lawsuit on or about January 18, 2006. The defendant, The Brickman Group, Ltd. ("Brickman") was also served on January 18, 2006. All defendants have timely filed answers in the Superior Court for the District of Columbia.

2. This District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, which provides: "The district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between– (1) citizens of different States...."

3. Diversity jurisdiction exists and justifies removal. The plaintiff's lawsuit concerns an alleged slip and fall accident on February 23, 2003, at or near the property where the Naval Security Station, Northeast Complex is located. The plaintiff has sued under a theory of negligence and claims damages in his complaint of one million dollars ($1,000,000.00) for each of the two (2) counts in his complaint. Thus, the amount in controversy well exceeds the sum or value of $75,000.00. The plaintiff is a resident and a citizen of the State of Maryland and resides in Montgomery County, Maryland. The defendants, The Wackenhut Corporation and Wackenhut Services, Incorporated, are incorporated in the State of Florida and maintain their respective principal places of business in the State of Florida as well. Upon information and belief, the defendant Brickman is incorporated in Delaware and maintains its principal place of

business in Pennsylvania. See, Exhibit A attached hereto which contains the corporate information filed by the defendant Brickman with the District of Columbia and with the state of Maryland.

4. Under the applicable provisions of 28 U.S.C. § 1441, this case is therefore removable to the United States District Court for the District of Columbia.

5. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, or orders that have been served upon the defendants are attached and filed with the accompanying Certification of Filing of Superior Court Papers.

6. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the District of Columbia. Through its attorney of record, the defendant Brickman has been advised of the intention of the Wackenhut defendants to remove this action and it has consented to removal. The plaintiff's attorneys have been advised verbally of the intention of the defendants, The Wackenhut Corporation and Wackenhut Services, Incorporated to remove this action in advance of removal and also have been served with this Notice.

7. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby expressly reserved to the Wackenhut defendants.

WHEREFORE, the defendants, The Wackenhut Corporation and Wackenhut Services, Incorporated, respectfully request that this Honorable Court remove the above-referenced civil

action in its entirety from the Superior Court for the District of Columbia to this Honorable Federal Court.

                              Respectfully submitted,

                              JORDAN COYNE & SAVITS, L.L.P.

                              By: _____
                              Deborah Murrell Whelihan, #412454
                              1100 Connecticut Ave., N.W.
                              Suite 600
                              Washington, D.C. 20036
                              (202) 296-4747

                              Attorneys for Defendants The
                                  Wackenhut Corporation and
                                  Wackenhut Services, Incorporated

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Notice of Removal was mailed, postage prepaid, this 8th day of February, 2006, to:

                Robert G. Samet, Esquire,
                ASHCRAFT & GEREL, LLP
                One Central Plaza
                Suite 1002
                11300 Rockville Pike
                Rockville, MD 20852

                Attorneys for Plaintiff;

                Jerry D. Spitz, Esquire,
                ASHCRAFT & GEREL, LLP
                2000 L Street, N.W.
                Suite 400
                Washington, DC 20036,

                Attorneys for Plaintiff; and

H. Patrick Donohue, Esquire
Armstrong, Donohue, Ceppos &
 Vaughan, Chartered
204 Monroe Street
Suite 101
Rockville, MD 20850

Attorney for Defendant Brickman.

_____
Deborah Murrell Whelihan