SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MICHAEL J. PHILBIN, <br><br> Plaintiff, <br> v. <br><br> THE WACKENHUT CORPORATION, <br> 4200 Wackenhut Drive, #100 <br> Palm Beach Gardens, Florida 33410; <br><br> and <br><br> WACKENHUT SERVICES, INCORPORATED, <br> 7121 Fairway Drive, Suite #301 <br> Palm Beach Gardens, Florida 33418; <br><br> and <br><br> THE BRICKMAN GROUP, LTD., <br> 375 S. Flowers Mill Road <br> Langhorne, PA 19047; <br><br> Defendants. | Civil Action No.: 06-CA 000214 B <br> Calendar #8, Judge Russell F. Canan <br> Next Event: Initial Conference <br> 04/14/06 at 9:30 a.m. |

RECEIVED
Civil Clerk's Office
FEB 0 7 2006
Superior Court of the
District of Columbia
Washington, D.C.

**ANSWER OF DEFENDANTS WACKENHUT SERVICES, INCORPORATED
AND THE WACKENHUT CORPORATION TO PLAINTIFF'S COMPLAINT**

The defendants, Wackenhut Services, Incorporated and The Wackenhut Corporation[1]

("the Wackenhut defendants"), by and through their attorneys, JORDAN, COYNE & SAVITS,

L.L.P. and Deborah Murrell Whelihan, answer the plaintiff's Complaint and state as follows:

---

[1] The defendant, The Wackenhut Corporation, is the parent corporation of the defendant, Wackenhut Services, Incorporated. The defendant, The Wackenhut Corporation, is an improper party to this action and was not responsible for any property management services provided to the Naval Security Station, Northwest Complex on February 26, 2003.

## FIRST DEFENSE

The Wackenhut defendants aver that any and all allegations not affirmatively admitted herein are denied. Answering the enumerated paragraphs of the Complaint, the Wackenhut defendants state as follows:

(Count I)

1.   As to paragraph 1, the Wackenhut defendants are not required to answer the averment of that paragraph as that paragraph contains a legal conclusion regarding jurisdiction which requires no answer from the Wackenhut defendants.

2.   As to paragraph 2, the Wackenhut defendants deny that the defendant, The Wackenhut Corporation, was the property manager of the Naval Security Station, Northwest Complex, located at Massachusetts and Nebraska Avenues in Northwest Washington, D.C. ("The Naval Security Station"). The Wackenhut defendants admit that the defendant, Wackenhut Services, Incorporated, had a contractual relationship with the Naval Security Station to perform certain property management services for the Naval Security Station. The Wackenhut defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of that paragraph that the defendant, The Brickman Group, Ltd. ("the Brickman defendant"), had a separate contract with the Federal Government at the Naval Security Station or as to the truth of the averment of that paragraph that the Brickman defendant had been the property manager of the Naval Security Station. The Wackenhut defendants do admit that the Brickman defendant was an independent contractor with certain snow and ice removal duties for the Naval Security Station.

3.   As to paragraph 3, the Wackenhut defendants are without knowledge or

information sufficient to form a belief as to the truth of the averment of that paragraph that the plaintiff was walking from his parked truck to the entrance of the Naval Security Station on February 26, 2003. The Wackenhut defendants deny the remaining averments of that paragraph.

4. As to paragraph 4, the Wackenhut defendants deny the averments of that paragraph.

5. As to paragraph 5, the Wackenhut defendants deny the averments of that paragraph.

6. As to paragraph 6, the Wackenhut defendants admit that it performed some certain and contractually defined property management services at the Naval Security Station in February of 2003, but deny that they were legally responsible for the plaintiff's slip-and-fall accident as alleged and deny the remaining averments of that paragraph. The Wackenhut defendants are also not required to answer the averments of that paragraph that are legal conclusions, which averments are denied.

7. As to paragraph 7, the Wackenhut defendants deny the averments of that paragraph.

8. As to paragraph 8, the Wackenhut defendants deny the averments of that paragraph.

9. As to paragraph 9, The Wackenhut defendants are without knowledge or information sufficient to form a belief as to the truth of the averment regarding the plaintiff's injury and damage claims, but deny that such injuries were as a result of the actions or inactions of the Wackenhut defendants as alleged and deny the plaintiff's claims of negligence against them.

(Count II)

10. As to the unnumbered paragraph preceding paragraph 10, the Wackenhut defendants adopt and incorporate by reference all of their responses to the preceding averments in paragraphs one (1) through nine (9). As to paragraph 10, the Wackenhut defendants deny the averments of that paragraph.

11. As to paragraph 11, the Wackenhut defendants admit that the Brickman defendant had certain duties to the defendant, Wackenhut Services, Incorporated, and to the Naval Security Station as an independent contractor, but deny the averments of that paragraph.

12. As to paragraph 12, the Wackenhut defendants deny the averments of that paragraph.

13. As to paragraph 13, the Wackenhut defendants denies the averments of that paragraph.

14. As to paragraph 14, the Wackenhut defendants are without knowledge or information sufficient to form a belief as to the truth of the averment regarding the plaintiff's injury and damage claims, but deny that such injuries were as a result of the actions or inactions of the Wackenhut defendants as alleged and deny the plaintiff's claims of negligence against them.

## SECOND AND AFFIRMATIVE DEFENSE

The plaintiff's Complaint may be barred by the applicable statute of limitations and by the doctrine of laches.

## THIRD AND AFFIRMATIVE DEFENSE

The Wackenhut defendants contend that the plaintiff's claim is barred by his contributory

4

negligence and by his assumption of the risk.

## FOURTH AND AFFIRMATIVE DEFENSE

The Wackenhut defendants contend that the plaintiff's complaint fails to state a valid claim upon which relief can be granted in the plaintiff's favor against them, that they are not legally responsible for the plaintiff's accident, and that they are not legally responsible for the acts of an independent contractor.

## FIFTH AND AFFIRMATIVE DEFENSE

The Wackenhut defendants allege cumulatively, or in the alternative, that Complaint is barred by the plaintiff's failure to join necessary and indispensable parties to this action and by the contract between the defendant, Wackenhut Services, Incorporated, and the federal government agency and by the contract between the defendant, Wackenhut Services, Incorporated, and the Brickman defendant.

## SIXTH AND AFFIRMATIVE DEFENSE

The Wackenhut defendants aver that the plaintiff may have failed to mitigate his alleged damages.

## SEVENTH AND AFFIRMATIVE DEFENSE

The Wackenhut defendants aver that the plaintiff's claims may be barred by the exclusive remedy doctrine.

## EIGHTH AND AFFIRMATIVE DEFENSE

The Wackenhut defendants have no information or knowledge to form a belief as to the truth of the plaintiff's alleged damages, injuries, and/or losses as set forth in the Complaint, and, accordingly, deny same and demand strict proof thereof. The Wackenhut defendants further

believe that the plaintiff's damage claims may be the result of subsequent and/or pre-existing conditions.

WHEREFORE, having fully answered the plaintiff's Complaint, the defendants, Wackenhut Services, Incorporated and The Wackenhut Corporation, request that the Complaint be dismissed with prejudice and that costs be awarded in their favor against the plaintiff.

Respectfully submitted,

JORDAN COYNE & SAVITS, L.L.P.

By: _____
Deborah Murrell Whelihan, #412454
1100 Connecticut Avenue, N.W.
Suite 600
Washington, D.C. 20036
(202) 296-4747

Attorneys for Defendants Wackenhut Services, Incorporated and The Wackenhut Corporation

## CROSS-CLAIM AGAINST THE BRICKMAN DEFENDANT

Pursuant to Superior Court Civil Rule 13(g), the defendant/cross-plaintiff, Wackenhut Services, Incorporated, by and through its undersigned counsel, files this Cross-claim against the defendant/cross-defendant, The Brickman Group, Ltd., for indemnity and for contribution, and, states as follows:

COUNT I
(Indemnification and Contribution)

1. The cross-plaintiff and the cross-defendant have been sued by the original plaintiff for negligence as a result of injuries allegedly incurred by the original plaintiff from a slip-and-

6

fall accident on snow and ice on or about February 23, 2003. The defendant/cross-plaintiff denies that it was negligent or in any way legally responsible for the original plaintiff's injuries.

2.   The cross-defendant, The Brickman Group, Ltd., was the independent contractor which had duties regarding the treatment and removal of snow and ice at the Navy Security Station on February 23, 2003.

3.   In his original complaint, the original plaintiff claims that the cross-defendant was negligent because of the failure to remove snow and ice from the parking lot.

4.   If the allegations in the original plaintiff's complaint are true (which the cross-plaintiff denies), then the alleged injuries claimed by the original plaintiff and the lawsuit are the result of the sole acts of negligence of the independent contractor cross-defendant.

5.   In the unlikely event that the cross-plaintiff is found liable to the original plaintiff, then the cross-plaintiff is entitled to indemnification and/or contribution from the cross-defendant as to all sums which may be found due and owing from it to the original plaintiff.

WHEREFORE, the cross-plaintiff, Wackenhut Services, Incorporated, demands judgment against the cross-defendant, The Brickman Group, Ltd., for full indemnity for any such sums that may be awarded against the cross-plaintiff in favor of the original plaintiff, plus expenses of litigation, including reasonable attorney's fees, costs, and interest; or, alternatively, the cross-

plaintiff demands a judgment of contribution against the cross-defendant in the same amount.

                                            Respectfully submitted,

                                            JORDAN COYNE & SAVITS, L.L.P.

                                            By: _____
                                            Deborah Murrell Whelihan, #412454
                                            1100 Connecticut Avenue, N.W.
                                            Suite 600
                                            Washington, D.C. 20036
                                            (202) 296-4747

                                            Attorneys for Defendants Wackenhut
                                            Services, Incorporated

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Answer of Defendants Wackenhut Services, Incorporated and The Wackenhut Corporation to Plaintiff's Complaint and of the Cross-Claim Against the Brickman Defendant were mailed, postage prepaid, this 7th day of February, 2006, to:

> Robert G. Samet, Esquire,
> ASHCRAFT & GEREL, LLP
> One Central Plaza
> Suite 1002
> 11300 Rockville Pike
> Rockville, MD 20852
>
> Attorneys for Plaintiff;
>
> Jerry D. Spitz, Esquire,
> ASHCRAFT & GEREL, LLP
> 2000 L Street, N.W.
> Suite 400
> Washington, DC 20036,
>
> Attorneys for Plaintiff; and
>
> H. Patrick Donohue, Esquire
> Armstrong, Donohue, Ceppos &
>   Vaughan, Chartered
> 204 Monroe Street
> Suite 101
> Rockville, MD 20850
>
> Attorney for Defendant Brickman.

_____
Deborah Murrell Whelihan

9