UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL J. PHILBIN                          :

           Plaintiff                 :

      v.                                      :    Civil Action No: 06 0242
                                    Judge Kollar-Kotelly

THE BRICKMAN GROUP, LTD., et al.       :

           Defendants               :

### ANSWER TO CROSS CLAIM AND CROSS CLAIM
### OF DEFENDANT THE BRICKMAN GROUP, LTD.

The Defendant, The Brickman Group, Ltd., by and through its attorneys, Armstrong, Donohue, Ceppos & Vaughan, Chartered, files this Answer to the Cross Claim filed by the Defendant, Wackenhut Services, Incorporated and, pursuant to Fed.R.Civ.P. Rules 7(a) and 13(g), this Cross Claim against Defendants The Wackenhut Corporation and Wackenhut Services, Inc. (hereby collectively referred to "co-Defendants").

### ANSWER TO CROSS CLAIM

### FIRST DEFENSE

The Cross Claim filed by Defendant Wackenhut Services, Incorporated fails to state a claim against this Cross Defendant upon which relief can be granted.

### SECOND DEFENSE

In response to the separately numbered paragraphs in the Cross Claim, this Cross Defendant responds as follows:

1.      The Cross Defendant admits that the Defendants have been sued by the

Plaintiff for alleged negligence as a result of injuries allegedly incurred by the Plaintiff from a slip and fall accident on or about February 23, 2003, and that the Cross Plaintiff has denied that it was negligent or in any way legally responsible for the Plaintiff's injuries. All other allegations in paragraph 1 are denied.

2.    The Cross Defendant admits that, as independent contractor, it had certain contractual duties with respect to the premises where the Plaintiff's accident is alleged to have occurred on February 23, 2003, but denies all other allegations in paragraph 2.

3.    The Cross Defendant admits that the Plaintiff has asserted that the Cross Defendant, as well as the co-Defendants, were negligent with respect to the alleged failure to remove snow and ice from the parking lot at the premises in question, but denies all other allegations in paragraph 3.

4.    Denied.

5.    Denied.

<u>THIRD DEFENSE</u>

The Cross Claim is barred by the Plaintiff's contributory negligence.

<u>FOURTH DEFENSE</u>

The Cross Claim is barred by the Plaintiff's assumption of risk.

<u>FIFTH DEFENSE</u>

The Cross Claim is barred by the applicable Statute of Limitations.

<u>SIXTH DEFENSE</u>

The Cross Claim is barred by the exclusive remedy doctrine.

<u>SEVENTH DEFENSE</u>

The Cross Plaintiff's claimed or potential damages were not proximately caused by any negligent acts or omissions on the part of this Cross Defendant.

<u>CROSS CLAIM</u>

1.      The Plaintiff, Michael J. Philbin, has filed a Complaint in this matter, which alleges that he sustained personal injuries and other damages in a slip and fall accident at the Naval Security Station on February 26, 2003.  The Complaint alleged that the accident was attributable to negligence on the part of three Defendants, including the co-Defendants, which were alleged to have been the property managers of The Naval Security Station at the time in question.

2.      The Defendant, Wackenhut Services, Incorporated, has filed a Cross Claim against The Brickman Group, Ltd., asserting claims for indemnification and/or contribution as to all sums that may be awarded against Wackenhut Services, Incorporated, in favor of Plaintiff.

3.      All Defendants have denied all allegations of negligence asserted against them.

4.      In the event the Plaintiff obtains a judgment against this Defendant and Cross Plaintiff, or in the event Defendant Wackenhut Services, Incorporated obtains a judgment on its Cross Claim, The Brickman Group, Ltd. alleges that the Plaintiff's claimed injuries and damages were proximately caused by the negligence of the Cross Defendants.

-3-

5.      In the event the Plaintiff obtains a judgment against the Defendant and Cross Plaintiff, or in the event Defendant Wackenhut Services, Incorporated obtains a judgment on its Cross Claim, The Brickman Group, Ltd. is entitled to contribution from the co-Defendants.

WHEREFORE, in the event the Plaintiff obtains a judgment against the Defendant and Cross Plaintiff, or in the event Defendant Wackenhut Services, Incorporated obtains a judgment on its Cross Claim, The Brickman Group, Ltd. demands judgment in contribution against the Cross Defendants, the The Wackenhut Corporation and Wackenhut Services, Inc. for a proportionate amount of any such verdict or verdicts.

ARMSTRONG, DONOHUE, CEPPOS
& VAUGHAN, CHARTERED


_____
H. Patrick Donohue    #279687
204 Monroe Street, Suite 101
Rockville, Maryland 20850
(301) 251-0440
Attorney for Defendant,
The Brickman Group, Ltd.

## JURY DEMAND

The Cross Defendant, The Brickman Group, Ltd., through counsel, demands trial by jury of all issues herein.

_____
H. Patrick Donohue    #279687

-4-

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing ANSWER TO CROSS CLAIM OF DEFENDANT THE BRICKMAN GROUP, LTD. which was electronically filed on the 16th day of February, 2006, was sent via e-mail to:

Jerry D. Spitz, Esquire
2000 L Street, N.W., Suite 400
Washington, D.C.  20036
Attorney for Plaintiff

Deborah M. Whelihan, Esquire
Jordan, Coyne & Savits, LLP
1100 Connecticut Avenue, N.W.
Suite 600
Washington, D.C.  20036
Attorney for Defendants
The Wackenhut Corporation and
Wackenhut Services, Inc.


and via first class mail, postpage prepaid, to:

Robert G. Samet, Esquire
One Central Plaza, Suite 1002
11300 Rockville Pike
Rockville, Maryland 20852
Attorney for Plaintiff


_____
H. Patrick Donohue    #279687