IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL J. PHILBIN,<br><br>    Plaintiff,<br>v.<br><br>THE WACKENHUT CORPORATION, et al.,<br><br>    Defendants. | Civil Action No.: 06-0242 (CKK) |

ANSWER OF DEFENDANTS WACKENHUT SERVICES, INCORPORATED
AND THE WACKENHUT CORPORATION TO THE
CROSS-CLAIM OF DEFENDANT THE BRICKMAN GROUP, LTD.

Pursuant to Federal Rule of Civil Procedure 12, the defendants, Wackenhut Services, Incorporated and The Wackenhut Corporation[1] ("the Wackenhut defendants"), by and through their attorneys, JORDAN, COYNE & SAVITS, L.L.P. and Deborah Murrell Whelihan, answer the cross-claim of the defendant/cross-plaintiff, The Brickman Group, Ltd. ("the defendant Brickman"), and state as follows:

FIRST DEFENSE

The cross-claim filed by the defendant Brickman fails to state a claim against the Wackenhut defendants upon which relief can be granted and fails to plead sufficient facts which would establish any right of contribution and/or indemnity. In particular, the defendant Brickman was the independent contractor with the contractual duties of snow and ice removal at the Naval Security Station in February of 2003. Consequently, the defendant Brickman has no

---

[1] The defendant, The Wackenhut Corporation, is the parent corporation of the defendant, Wackenhut Services, Incorporated. The defendant, The Wackenhut Corporation, is an improper party to this action and was not responsible for any property management services provided to the Naval Security Station, Northwest Complex on February 26, 2003.

viable claims for either contribution and/or indemnity against the Wackenhut defendants.  In addition, the defendant Brickman was hired by the defendant, Wackenhut Services, Incorporated and was not hired by The Wackenhut Corporation in February of 2003.

## SECOND DEFENSE

The Wackenhut defendants aver that any and all allegations not affirmatively admitted herein are denied and incorporates by reference their answer to the original plaintiff.  Answering the enumerated paragraphs of the cross-claim, the Wackenhut defendants state as follows:

1.  As to paragraph 1, the Wackenhut defendants admit that the Wackenhut defendants and the defendant Brickman have been sued by the original plaintiff for negligence, that the lawsuit arises from a slip-and-fall accident on February 26, 2003, and that the complaint makes certain allegations as described by the cross-claim, which allegations of negligence have been denied by all of the defendants.

2.  As to paragraph 2, the Wackenhut defendants admit that the Wackenhut Services, Incorporated filed its cross-claim against the defendant Brickman and that its cross-claim contained claims for indemnification and/or contribution as to all sums that may be awarded against the defendant, Wackenhut Services, Incorporated, in favor of the plaintiff.

3.  As to paragraph 3, the Wackenhut defendants admit that all defendants, including the Wackenhut defendants, have denied all allegations of negligence asserted against them.

4.  As to paragraph 4, the Wackenhut defendants deny the averments of that paragraph.

5.  As to paragraph 5, the Wackenhut defendants deny the averments of that paragraph.

### THIRD AND AFFIRMATIVE DEFENSE

The cross-claim is barred by the plaintiff's contributory negligence and his assumption of the risk. Alternatively, the cross-claim is barred by the other affirmative defenses asserted by the Wackenhut defendants to the plaintiff's complaint such as the statute of limitations and by the exclusive remedy doctrine, all of which defenses are incorporated herein and bar the cross-claim.

### FOURTH AND AFFIRMATIVE DEFENSE

If the allegations of the plaintiff's complaint are true (which the Wackenhut defendants deny), then the actions and/or inactions of the defendant Brickman are the sole cause of the plaintifff's slip-and-fall which bars the cross-claim. In addition, the Wackenhut defendants contend that the cross-claim is barred by the doctrine of *in pari delicto*.

### FIFTH AND AFFIRMATIVE DEFENSE

The Wackenhut defendants contend that the cross-claim is barred by the failure of consideration.

### SIXTH AND AFFIRMATIVE DEFENSE

The Wackenhut defendants aver that the Brickman defendant lacks standing to sue them and that the cross-claim is barred by the contractual duties owed by the Brickman defendant to the defendant, Wackenhut Services, Incorporated.

WHEREFORE, having fully answered the cross-claim filed against them, the defendants, Wackenhut Services, Incorporated and The Wackenhut Corporation, request that the cross-claim

be dismissed <u>with</u> <u>prejudice</u> and that costs be awarded in their favor against the defendant/cross-plaintiff, The Brickman Group, Ltd.

>Respectfully submitted,
>
>JORDAN COYNE & SAVITS, L.L.P.
>
>By: _____/S/_____
>  Deborah Murrell Whelihan, #412454
>  1100 Connecticut Avenue, N.W.
>  Suite 600
>  Washington, D.C. 20036
>  (202) 296-4747
>
>Attorneys for Defendants Wackenhut Services, Incorporated and The Wackenhut Corporation

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Answer of Defendants Wackenhut Services, Incorporated and The Wackenhut Corporation to The Cross-Claim of Defendant The Brickman Group, Ltd. were sent electronically and were mailed, postage prepaid, this <u>22nd</u> day of February, 2006 to:

>Robert G. Samet, Esquire,
>Ashcraft & Gerel, LLP
>One Central Plaza
>Suite 1002
>11300 Rockville Pike
>Rockville, MD 20852,
>
>Attorneys for Plaintiff;

Jerry D. Spitz, Esquire,
Ashcraft & Gerel, LLP
2000 L Street, N.W.
Suite 400
Washington, DC 20036,

Attorneys for Plaintiff; and

H. Patrick Donohue, Esquire
Armstrong, Donohue, Ceppos &
 Vaughan, Chartered
204 Monroe Street
Suite 101
Rockville, MD 20850

Attorney for Defendant Brickman.


_____/S/_____
Deborah Murrell Whelihan