IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL J. PHILBIN,<br><br>　　　　Plaintiff,<br>v.<br><br>THE WACKENHUT CORPORATION, et al.,<br><br>　　　　Defendants. | Civil Action No.: 06-0242 (AK) |

**JOINT REPORT TO THE COURT PURSUANT TO LCvR 16.3(d)**

Pursuant to LCvR 16.3(d) and this Court's Order for Initial Scheduling Conference filed May 10, 2006, the plaintiff, Michael J. Philbin, and the defendants, The Wackenhut Corporation, Wackenhut Services, Incorporated, and The Brickman Group, Ltd., by and through their respective and undersigned counsel, submit this Joint Report to the Court and the accompanying Proposed Scheduling Order and state as follows:

**I.　　Matters Set Forth in Local Rule 16.3(c)**

　　　　(1)　　There are no dispositive motions presently before this Court. The plaintiff does not believe that this case can be resolved by dispositive motion. Notwithstanding that this is a premises liability action, the defendants believe that there may exist potential issues, revealed through discovery, that would justify summary judgment. However, until discovery is completed, the defendants cannot determine whether any liability and damage issues will likely be disposed of by summary judgment.

　　　　(2)　　The parties do not anticipate joining any other parties. The defendants and the plaintiff have agreed to dismiss the improperly named defendant, The Wackenhut Corporation,

because the defendant, Wackenhut Services, Incorporated, remains a proper party defendant. The parties will file a stipulation of dismissal that reflects this agreement. At this time, and until discovery has been completed, the parties are unaware of any factual or legal issues that can be agreed upon, other than what the defendants have admitted in answering the complaint. After conclusion of discovery, the parties will attempt to reach agreement upon any undisputed factual or legal issues. The parties believe that there should be no deadline for amendments to the pleadings, but that amendments should be governed by the standards set forth in Fed. R. Civ. P. 15 and the cases interpreting that rule.

(3) The parties presently are not in a position to resolve this matter through a reasonable settlement. Counsel for the parties have a professional relationship and will certainly discuss the possibility of a reasonable settlement as the case proceeds through discovery.

(5) The parties have discussed the Court's ADR procedures. At this time, the parties do not believe this case would benefit from any ADR program. To the extent that any formal ADR should take place, the parties believe that ADR should only occur after the deadline for dispositive motions. The parties do not agree to arbitration or to a neutral evaluation. The parties will, of course, comply with any Court order for ADR and, to the extent that the Court deems ADR to be warranted, suggests mediation with another Magistrate Judge after discovery, rather than private mediation.

(6) The parties do not believe that this matter can be resolved by motion to dismiss. Until discovery has been completed, the defendants cannot conclusively evaluate whether this matter can be resolved by summary judgment. The parties would like to reserve the option of filing motions for summary judgment. In the event that none of the parties file for summary

judgment, the parties may need additional time in which to complete discovery and may request extension of the discovery deadline in order to complete discovery.

(7) The parties will not stipulate to dispense with their initial disclosures required by Fed. R. Civ. P. 26(a)(1).

(8) The parties have attached a Proposed Scheduling Order. The parties anticipate that they may request an Order of Confidentiality, governing the disclosure of confidential documents in discovery.

(9) The parties do not believe any revisions are necessary to the requirement of the exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2). The parties do believe that there should be a deadline for each side to identify all of their proposed experts and that the deposition of experts should be allowed within the time frame for discovery.

(10) The present case does not involve a class action.

(11) The parties do not believe that bifurcation will be useful.

(12) The parties believe that the Pre-Trial Conference should be scheduled for late April of 2007 and have proposed a date of April 23, 2007.

(13) The parties believe the Court should set a trial date at the first scheduling conference and propose May 7, 2007 as a trial date if it is available. Trial should take four (4) days.

(14) The parties would request that the scheduling conference be conducted by telephone conference.

**II.    Arrangements for Exchange of Initial Discovery**

As noted herein, the parties will not stipulate to dispense with the initial disclosures

required by Fed. R. Civ. P. 26(a)(1). The parties will stipulate to exchange initial disclosures not later than July 12, 2006.

**III.     Discovery Plan**

The parties anticipate employing the standard discovery mechanisms as set forth in Federal Rules of Civil Procedure 26 through 36. Proposed scheduling dates for completion of discovery are set forth in the attached Proposed Scheduling Order. The parties have no additional proposals at this time.

Respectfully submitted,

| | |
|---|---|
| ASHCRAFT & GEREL, LLP | JORDAN COYNE & SAVITS, L.L.P |
| /s/ | By: /s/ |
| Robert G. Samet, #963587 | Deborah Murrell Whelihan, #412454 |
| One Central Plaza | 1100 Connecticut Avenue, N.W. |
| Suite 1002 | Suite 600 |
| 11300 Rockville Pike | Washington, DC 20036 |
| Rockville, MD 20852 | (202) 296-4747 |
| (301) 770-3737 | |
| | Attorney for Defendants The Wackenhut |
| Attorney for Plaintiff | Corporation and Wackenhut Services, Incorporated |
| | |
| ASHCRAFT & GEREL, LLP | ARMSTRONG, DONOHUE, CEPPOS & VAUGHAN, CHARTERED |
| /s/ | /s/ |
| Jerry D. Spitz, #413137 | H. Patrick Donohue, #269687 |
| 2000 L Street, N.W., Suite 400 | 204 Monroe Street, Suite 101 |
| Washington, DC 20036 | Rockville, MD 20850 |
| (202) 783-6400 | (301) 251-0440 |
| Attorney for Plaintiff | Attorney for Defendant The Brickman Group, Ltd. |