IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL J. PHILBIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 06-0242 (AK) |
| ) | |
| THE WACKENHUT CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN
SUPPORT OF DEFENDANT WACKENHUT SERVICES, INCORPORATED'S
MOTION FOR SUMMARY JUDGMENT**

In support of its Motion for Summary Judgment, the Defendant, Wackenhut Services, Incorporated, by and through its attorneys, Deborah Murrell Whelihan and JORDAN, COYNE & SAVITS, L.L.P., submits that the following facts are undisputed material facts upon which it relies for its Motion for Summary Judgment:

1. The Defendant, Wackenhut Services, Incorporated, was an independent contractor to the Department of Navy, which contractual duties included providing snow removal services. See, Exhibit A (affidavit of Jeremy Harman); Exhibit B (deposition transcript of Jeremy Harman) at 21.

2. The Defendant, Wackenhut Services, Incorporated, did not perform snow removal services. Id. Instead, the Defendant, Wackenhut Services, Incorporated, hired the Defendant, The Brickman Group, Ltd., as its professional independent, subcontractor to fulfill all of its contractual snow removal obligations to the Department of Navy. Id; Exhibit B at 44, 73, 74-75, 78, and 82-83.

3.     The Defendant, Wackenhut Services, Incorporated, hired the Defendant, The Brickman Group, Ltd., because of its expertise and experience in snow removal.  Exhibit A; Exhibit B at 79, 100.  The Defendant, The Brickman Group, Ltd., was a professional snow removal contractor.  Id; Exhibit C (deposition transcript of Gregory Lewandowski) at 36; Exhibit D (Deposition transcript of Adam A. Grasswick) at 65.  The Defendant, The Brickman Group, Ltd., brought its own labor and used its own materials and equipment for snow removal in connection with the performance of its snow removal services.  Exhibit A; Exhibit B at 60-62; 103; Exhibit D at 16-17, 60-61, 66. The Defendant, Wackenhut Services, Incorporated, did not direct the work of the Defendant, The Brickman Group, Ltd.  Exhibit A; Exhibit B at 102-104; Exhibit D at 58, 65-67.

4.     The Defendant, Wackenhut Services, Incorporated, did not initiate the services of The Defendant, The Brickman Group, Ltd., as that authority belonged solely to the Department of Navy.  Exhibit A; Exhibit B at 43-46, 50-53.  The orders for snow removal came from the Department of Navy and then were passed through to the Defendant, The Brickman Group, Ltd. Exhibit A; Exhibit B at 21, 40, 51; Exhibit C at 22-23; 34-35.  The Defendant, Wackenhut Services, Inc., would, jointly with the Department of Navy, inspect the work performed by The Brickman Group, Ltd., which was the extent of its involvement beyond establishing the guidelines and procedures and then delegating responsibility for those guidelines and procedures to the Defendant, The Brickman Group, Ltd.  Exhibit A; Exhibit B at 42-46; Exhibit D at 55, 66.

5.     On February 26, 2003, Dave Sears, the facilities manager for the Department of Navy, contacted Mr. Harman by telephone and told him to initiate the snow and ice removal plan.  In response to the telephone call from Mr. Sears, Mr. Harman then contacted the Defendant, The

Brickman Group, Ltd., by telephone to begin its services. Exhibit A; Exhibit A(2); Exhibit B at 95-102.  On February 26, 2003, the Defendant, The Brickman Group, Ltd., was already on route because of the conditions before the contact came from Mr. Harman.

      6.      The Department of Navy never complained to the Defendant, Wackenhut Services, Incorporated, about the services provided by the Defendant, The Brickman Group, Ltd.  In fact, on the contrary, as of early February of 2003, the Department of Navy was very satisfied with the services that the Defendant, The Brickman Group, Ltd., had provided.  Exhibit A; Exhibit A (3); Exhibit D at 66-67.  The Department of Navy, through its facilities personnel, had direct communication with the Defendant, The Brickman Group, Ltd., as well as indirect communication through the Defendant, Wackenhut Services, Incorporated.  Exhibit D at 67-72.

      7.      On February 26, 2003, it was snowing and snowing continuously that morning. Exhibit A; Exhibit B at 8-49; and Exhibit D at 64.  See also, Exhibit E (deposition transcript of Michael J. Philbin) at 38-43, 130-131.  The Department of Navy initiated the snow removal plan by contacting Mr. Harman at 6:38 a.m.  In turn, Mr. Harman then contacted the Defendant, The Brickman Group, Ltd., at 6:40 a.m. to begin snow removal.  Exhibit B at 96-100.  The Defendant, The Brickman Group, Ltd., was on the Nebraska Avenue Complex, engaged in performing its services by 7:00 a.m. on February 26, 2003, without any direct involvement or assistance from the Defendant, Wackenhut Services, Incorporated.  See, Exhibit D at 9, 64-65.

      8.      On February 26, 2003, the plaintiff, Michael J. Philbin, worked from 8:00 a.m. to 5:30 p.m.  Exhibit E at 36.  On February 25, 2003, the plaintiff recalls that it was cold at night, but he does not recall the precise weather during the day.  Exhibit E at 37-38.  Mr. Philbin recalls the parking lot being fairly clear and dry, although he had seen water from melting snow in isolated

places from time to time. Exhibit E at 44-49, 79-80. When Mr. Philbin had seen ice, including black ice, in the parking lot, it was when he had come to work in the mornings prior to his accident. Exhibit E at 45, 61, 81, 116. Mr. Phibin did not see any ice when he left the day before. Exhibit E at 45. The parking lot was usually dry. Id. Mr. Philbin had avoided ice which he had seen near piles of snow near light poles prior to his accident a few mornings prior to his accident. Exhibit E at 47-48, 122. Mr. Philbin does not remember seeing any piles of snow on the day that he had his accident. Exhibit E at 123. Mr. Philbin had parked in the same general area the day before his accident, on February 25, 2003, and usually parked in the same area. Exhibit E at 53-54.

       9.     Mr. Philbin never complained to anyone about the ice that he had seen from time to time in the mornings in the parking lot before his accident, including any employee of the Defendant, Wackenhut Services, Incorporated. Exhibit E at 74-77. If he had complained to anyone about the condition of the parking lot, he would have complained to the Department of the Navy. Exhibit E at 77-78, 83. The parking lot where Mr. Philbin fell was part of the complex of the Department of Navy. Exhibit E at 81. Mr. Phibin does not know if the Defendant, Wackenhut Services, Incorporated, knew the condition of the parking lot prior to his accident. Exhibit E at 83. Mr. Philbin does not know how long the ice had been in existence prior to his accident. Exhibit E at 81.

      10.    On February 26, 2003, Mr. Philbin remembers that it had begun to snow during the night, and there was a light snow falling when he left to drive to work, with temperatures in the 20s. Exhibit E at 38-41, 72, 114-115, 122-126. Mr. Phibin anticipated slippery conditions. Exhibit E at 125. In anticipation of the potentially slippery conditions due to the light snow, Mr.

Philbin selected Timberline footwear. Exhibit E at 42-43, 125. As he drove to work, Mr. Philbin heard that there had been auto accidents as a result of the weather conditions. Exhibit E at 43.

11. When Mr. Philbin arrived at the parking lot of the Nebraska Avenue Complex, there was a blanket of snow covering the parking lot. Exhibit E at 54-61, 68. The snow was uniform. Exhibit E at 68. Because Mr. Philbin could not see under the snow, he was sort of being cautious while walking. Exhibit E at 61. Mr. Philbin slipped and fell twice, once in the parking lot and once near the guard house. Mr. Philbin did not see any ice the second time that he fell, only the first time after he slipped. Exhibit E at 130-132. After he slipped the first time, Mr. Philbin noticed ice where his body in falling had brushed away the snow. Exhibit E at 63, 67-68, 119. The only ice that Mr. Philbin ever observed on February 26, 2003 was the ice in the immediate location of where he fell. Exhibit E at 121. That patch of ice which was the only ice that Mr. Philbin saw on February 26, 2003 was six to twelve inches. Exhibit E at 68, 119. The ice was thin and did not change the elevation of the snow that covered the parking lot. Exhibit E at 68. Mr. Philbin thought that where he fell was very close to where he had seen the ice before. Exhibit E at 119, 126. Mr. Philbin believes that his injuries were from his first fall in the parking lot. Exhibit E at 60, 115.

        Respectfully submitted,

        JORDAN, COYNE & SAVITS, L.L.P.

        By: /s/ *DEBORAH MURRELL WHELIHAN*
           Deborah Murrell Whelihan, #412454
           1100 Connecticut Avenue, N.W.
           Suite 600
           Washington, D.C. 20036
           (202) 296-4747

        Attorneys for Defendant Wackenhut Services, Incorporated