IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL J. PHILBIN,          )
                                  )
       Plaintiff,           )
                                  )
v.                               )   Civil Action No.: 06-0242 (AK)
                                  )
THE WACKENHUT CORPORATION, et al.,   )
                                  )
       Defendants.        )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT WACKENHUT SERVICES, INCORPORATED
MOTION FOR SUMMARY JUDGMENT**

      The Defendant, Wackenhut Services, Incorporated (hereinafter "WSI"), submits this

Memorandum of Points and Authorities in support of its Motion For Summary Judgment and

states as follows:

**I.  Introduction**

      This matter arises out of the Plaintiff's slip and fall accident which occurred in the

parking lot on February 26, 2003 at the premises occupied by the Department of Navy and

known as the Nebraska Avenue Complex.  See, complaint at ¶2-3.  The Defendant, Wackenhut

Services, Incorporated, performed certain contracted property management functions for the

Department of Navy at its property.  See, Answer of the Defendants, The Wackenhut Corporation

and Wackenhut Services, Incorporated, at 2, 5.  One of those functions was snow removal, which

The Defendant, Wackenut Services, Incorporated, contracted to an independent contractor which

specialized, inter alia, snow removal services.  Id.  As this Memorandum will demonstrate, the

Plaintiff's negligence claim as to the Defendants fails because the Plaintiff cannot establish the

elements necessary to prove negligence and because the Plaintiff was contributory negligent or

he, alternatively, assumed the risk of his injuries.  In addition, the Defendant, Wackenhut

Services, Incorporated, was an independent contractor to the Department of Navy who employed

another independent contractor to perform snow and ice removal and treatment in February 26,

2003, including on the date of the Plaintiff's accident of February 26, 2003.

## II. Standard For Summary Judgment

Summary judgment shall be granted "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with any affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law."  Fed. R. Civ. P. 56; see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 91

L.Ed.2d 202, 106 S.Ct. 2505 (1986); Diamond v. Atwood, 310 U.S. App. D.C. 113, 43 F.3d

1538, 1540 (D.C. Cir. 1995).  The nonmoving party cannot merely rest upon the allegations

included in the complaint, and instead, must identify the specific facts which demonstrate that

there is a genuine issue for trial.  Anderson, 477 U.S. at 248.  The burden is upon the nonmoving

party to demonstrate that there are material facts in dispute.  Celotex Corp. v. Catrett, 477 U.S.

317, 322-323, 91 L.Ed. 2d 265, 106 S.Ct. 2548 (1986).  There is a genuine issue of material fact

"if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

Anderson, 477 U.S. at 248.  Material facts are in dispute if they are capable of affecting the

outcome of the suit under governing law.  Id.  In considering a motion for summary judgment, all

evidence and inferences to be drawn from the underlying facts must be viewed in the light most

favorable to the party opposing the motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,

475 U.S. 574, 587, 89 L.Ed.2d 538, 106 S.Ct. 1348 (1986); United States v. Diebold, Inc., 369

2

U.S. 654, 8 L.Ed.2d 176, 82 S.Ct. 993 (1962). The "evidence of the non-movant is to be

believed, and all justifiable inferences are to be drawn in [his] favor." Anderson, 477 U.S. at

255; see also Bayer v. United States Dept. Of Treasury, 294 U.S. App. D.C. 44, 956 F.2d 330,

333 (D.C. Cir. 1992).

> **III.    Legal Argument**

> **A.    The Plaintiff Cannot Prove His Claim of Negligence.**

Because this is a diversity case, the substantive tort law of the District of Columbia

controls. See, Joy v. Bell Helicopter Textron, Inc., 303 U.S. App. D.C. 1, 999 F.2d 549, 553

(D.C. Cir. 1993).

To prevail on a claim of negligence, the Plaintiff must establish a duty of care, a deviation

from that duty, and a causal connection between that deviation and an injury sustained by the

plaintiff. E.g., District of Columbia v. Shannon, 696 A.2d 1359, 1365 (D.C. 1997); Toy v.

District of Columbia, 549 A.2d 1, 6 (D.C. 1988).

In the instant case, the Plaintiff cannot establish that the Defendant, Wackenhut Services,

Incorporated, owed him a duty. The duty to protect persons lawfully on the property belongs to

the owner or possessor of property and is non-delegable. Firfer v. United States, 93 U.S. App.

D.C. 216, 208 F.2d 524, 527-528 (1953). There is no dispute that the Defendant, Wackenhut

Services, Incorporated, was not the owner of the Nebraska Avenue Complex and not in control of

that property. See, Defendant Wackenhut Services, Incorporated's Statement of Undisputed

Material Facts ("SUMF") at undisputed facts ¶s1 through 4. The undisputed facts are that the

federal government owns the premises that was the Nebraska Avenue Complex in February of

2003. Id. The Depart of Navy occupied that premises in February of 2003, including February

26, 2003, when the Plaintiff's accident occurred and exercised control over that property despite contracting with the Defendant, Wackenhut Services, Incorporated, for certain maintenance of the Nebraska Avenue Complex property.  Id.  Thus, the duty to exercise ordinary care to keep the Nebraska Avenue Complex in a reasonably safe condition was not a duty owed to the Plaintiff by the Defendant, Wackenhut Services, Incorporated.[1]

Furthermore, the imposition of a duty even on the property owner or possessor requires the notice to the property owner or possessor of any alleged hazard, including snow and ice, in a slip and fall case in order to establish negligence.  See, Marinopoliski v. Irish, 445 A.2d 339, 341 (D.C. 1982)(plaintiff must prove that defendant reasonably knew or should have known of condition because the condition was present for a sufficient length of time that property owner should have known of it).  Here, the Plaintiff admits that he did not see any ice when he left work on February 25, 2003 and that he never complained of any ice that he did happen to see in the parking lot before February 26, 2003 to any of the defendants or even the Department of Navy.  SUMF at ¶8.  According to the Plaintiff, it was warm enough on February 25, 2003 for any remaining snow from prior storms to have melted and for the water to have evaporated.  Id.  And, the Plaintiff himself noticed that the ice that he had noticed in the morning before his accident was then gone when he left in the evenings.  There is no evidence that the defendants had actual knowledge of the ice on which the Plaintiff thinks that he may have fallen, and the Plaintiff never communicated his observations to the defendants.  SUMF at ¶s 8-9.  The Plaintiff does not know when the ice formed upon which he fell or even how long the ice might have

---

[1]In addition, National Park Service is charged with the statutory duty to remove snow from federal property.  D.C. Code 9-603.

4

existed. SUMF at ¶9. On February 26, 2003, the only ice that he noticed was in the vicinity of where he fell. Consequently, the Plaintiff cannot show actual notice or even constructive notice to the defendants about the ice upon which the Plaintiff believes that he fell.

Importantly, it is well settled District of Columbia law that the mere presence of snow and ice does not impose an obligation upon the owner of a property to remove it; rather, the owner is responsible for removing, in a reasonable amount of time, only those accumulations which he knew or should have known were dangerous. See, Croce v. Bowman, 657 A.2d 307, 311 (1995); Battle v. George Washington Univ., 871 F. Supp. 1459, 1462 (D.D.C. 1994); Langley Park Apts. v. Lund, 234 Md. 402, 199 A.2d 620, 624 (Md. 1964); Hecht Co. v. Hohensee, 83 F.2d 585, 65 App. D.C. 328 (1936); Albertie v. Louis and Alexander Corp., 646 A.2d 1001 (1994). Under D.C. law, even the District of Columbia is not required to remove snow before it stops falling or even to make the middle of the street suitable for pedestrian travel. See, Morris v. Prati, 163 A.2d 552 (D.C. 1960); Smith v. District of Columbia, 189 F.2d 671, 675, 89 U.S. App. D.C. 7 (1951). Consequently, the Plaintiff cannot establish that the defendants owed him any duty that was breached as a matter of law.

When the Plaintiff had his accident, it was still snowing and had been snowing for some period of time. SUMF at 10. The Defendant, The Brickman Group, Ltd., was already working at the Nebraska Avenue Complex to remove the snow which had fallen even while the snow was falling. Id. As this Court explained in Battle, supra., there is no duty upon a landowner to clear ice and snow while a storm is in progress, and a landowner is not responsible for a failure to remove snow and ice until a reasonable time has elapsed after the cessation of the storm. Certainly, an independent contractor performing snow removal should not be treated any

differently than the landowner.  Given these clear facts, the Plaintiff cannot establish the

elements for his claim of negligence, and, for these reasons alone, the Defendant, Wackenhut

Services, Incorporated, is entitled to judgment as a matter of law.

**B.**     **The Plaintiff's Claim is Barred by His Contributory Negligence**
           **and Assumption of the Risk.**

   Contributory negligence and assumption of the risk sometimes overlap, as in the

Plaintiff's case. Janifer v. Jandebeur, 551 A.2d 1351, 1352 (D.C. 1989).  The Plaintiff chose to

go to work, despite knowledge that the snow presented a potential slipping hazard.  SUMF at

¶10.  The Plaintiff conceded that he understood the consequences and risk of traversing the

parking lot covered with snow, and made the decision to incur the potential risk of his accident.

Id. See, Sinai v. Polinger Co., 498 A.2d 520, 526-527 (D.C. 1985); Martin v. George Hyman

Cnstr. Co., 395 A.2d 63, 71-72 (D.C. 1978).  On February 26, 2003, the Plaintiff knew that the

low temperatures could create ice, beyond the slippery snow that blanketed the parking lot.

SUMF at ¶s 10 and 11.  The existence of snow and ice are common conditions in which the

potential danger is so well known, and the Plaintiff concedes that he knew of the possibility that

there would be ice underneath the snow prior to his fall. Id.  Moreover, the Plaintiff had seen

isolated patches of ice on several mornings near where he regularly parked his vehicle and still

made the decision to trek to work.  Id.  Despite that he had not notified even the Department of

Navy of his observations, his knowledge shows that the Plaintiff acted unreasonably because he

opposed himself to walking upon snow that camouflaged the ice that he had seen in the early

mornings in the parking lot.  Similarly, the plaintiff's decision to travel across the parking lot in

the very vicinity where he had seen ice demonstrates that he, at the very least, assumed the risk of

his injuries.

###### C.    Defendant Wackenhut Services, Incorporated Cannot Be Liable For Acts of Defendant Brickman Which Was a Competent Independent Contractor.

An employer of an independent contractor is not generally liable for the physical harm

caused by the acts or omissions of its independent contractor.  Wilson v. Good Humor Corp., 757

F.2d 1293, 1301, 244 U.S. App. D.C. 298 (D.C. Cir. 1985); WMATA v. L'Enfant Plaza

Properties, Inc., 448 A.2d 864, 888 (D.C. 1982); Ames v. Yellow Cab of D.C., Inc., U.S. District

LEXIS 67788 (D.D.C. September 21, 2006, 00-3116) Jennings v. United States, 530 F. Supp. 40

(1981).

There are three exceptions to the general rule, which are negligence in selecting the

independent contractor, non-delegable duties of the independent contractor, and work which is

inherently dangerous.  Cooper v. U.S., 225 F. Supp. 2d 1 (2002).  None of those exceptions are

applicable to the instant matter.  The Defendant, The Brickman Group, Ltd., is a professional

snow removal contractor which satisfactorily performed its snow and ice removal services for the

Department of Navy.  SUMF at ¶s 1-3, 6.  The non-delegable duty did not apply to the

Defendant, Wackenhut Services, Incorporated, since the Department of Navy always remained

responsible for determining if and when snow and ice removal was necessary.  SUMF at ¶ 4.  On

February 26, 2003, the Department of Navy decided to employ the Defendant, Brickman Group,

Ltd., for snow removal.  SUMF at ¶5.  On February 20, 2003 through February 25, 2003, the

Department of Navy did not employ the Defendant, The Brickman Group, Ltd.  Id.  Certainly,

snow and ice removal is not an inherently dangerous activity, and the Plaintiff cannot show that

that exception applies.

The Defendant, Wackenhut Services, Incorporated, did not exercise control over how the Defendant, The Brickman Group, Ltd., performed its snow and ice removal services. The Defendant, Brickman Group, Ltd., supplied its own materials, equipment and labor to accomplish its snow and ice removal services. SUMF at ¶3. On February 26, 2003, the Defendant, The Brickman Group, Ltd., had mobilized and was on route with its equipment and labor force with the exception of the equipment and materials stored at the Nebraska Avenue Complex. The only control that the Defendant, Wackenhut Services, Incorporated, had was to react to the decisions which the Department of the Navy made as to the snow and ice removal at its property. Once that service was performed, the Defendant, The Brickman Group, Ltd., carried out its mission without direct involvement in those services being performed by the Defendant, The Brickman Group, Ltd. See, Washington Air Compressor Rental Co. v. National Union Ins. Co., 165 A.2d 482 (D.C. App. 1960)(Employer of independent contractor who merely designated the work but left the independent contractor free to chose its means and methods of accomplishing the task not liable for negligence of the independent contractor). Even though the Defendant, Wackenhut Services, Incorporated, inspected the work performed by the Defendant, The Brickman Group, Ltd., that inspection does not create liability for the employer of an independent contractor. In Jennings v. United States, 530 F. Supp. 40 (1981), this Honorable Court recognized that retention of an ability to inspect an independent contractor's work is insufficient to override or alter the general rule of nonliability for the torts of the independent contractor. There is no dispute that the Defendant, Wackenhut Services, Incorporated, did not direct the performance of the work of the Defendant, The Brickman Group, Inc., and did not direct the manner in which it did its work. Therefore, the Defendant, Wackenhut Services,

8

Incorporated, is entitled to summary judgment since it cannot be held liable for the actions of the Defendant, The Brickman Group, Inc.

CONCLUSION

For all of the foregoing reasons, the Defendant, Wackenhut Services, Incorporated, respectfully requests that this Honorable Court grant its Motion for Summary Judgment and enter judgment in its favor as a matter of law.

Respectfully submitted,

JORDAN, COYNE & SAVITS, L.L.P.


By: /s/ *DEBORAH MURRELL WHELIHAN*
    Deborah Murrell Whelihan, #412454
    1100 Connecticut Avenue, N.W.
    Suite 600
    Washington, D.C.  20036
    (202) 296-4747

Attorneys for Defendant Wackenhut Services, Incorporated