# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL J. PHILBIN,<br><br>　　　Plaintiff,<br><br>v.<br><br>THE WACKENHUT CORPORATION, et al.,<br><br>　　　Defendants. | Civil Action No.: 06-0242 (AK) |

## ANSWERS OF DEFENDANT WACKENHUT SERVICES, INCORPORATED'S TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

The defendant, Wackenhut Services, Incorporated (hereinafter "the defendant WSI"), by and through its attorneys, Deborah Murrell Whelihan and JORDAN, COYNE & SAVITS, L.L.P., answers the interrogatories propounded by the plaintiff and states as follows:

A. The information contained in these Answers is being provided in accordance with the provisions and intent of Rules 26 and 33 of the Federal Rules of Civil Procedure, which require the disclosure of all facts which may be relevant or may lead to the discovery of relevant information. Accordingly, the parties answering these Interrogatories, by providing the information requested, does not waive objections to their admission in evidence on grounds of materiality or relevancy or other proper grounds for objection.

B. The information supplied in these Answers is not based solely on the knowledge of the executing parties, but includes knowledge of the parties, their agents, representatives and attorneys, unless privileged. Nothing herein shall be construed as admission by the defendant as to the admissibility or relevance of any fact, or of the truth or accuracy of any characterization made by the Plaintiff in these Interrogatories.

to all persons in the area of the Echo gate on February 26, 2003. In February of 2003, the entire Washington, D.C. metropolitan area had had several snowstorms and even some rain.

INTERROGATORY NO. 8: Please state whether within seven days prior to or any time subsequent to plaintiff's incident any reports, complaints, or claims had been made to defendant or any agent or employee of defendant concerning the condition of the subject location complained of by plaintiff and, if so, state the date and time each such report or complaint was made, the name and address of each person making such complaint or report, the name, address, and job title of each person receiving and/or having knowledge of such report or complaint, each person who now has custody of the records or reports of each report or complaint, the substance within each such report or complaint and if such matter resulted in any lawsuits being filed against defendant, stating the date the suit was filed, the name of the court, file number, and present status of the suit.

ANSWER: Upon advice of counsel, the defendant WSI objects to the form of this Interrogatory. Without waiving this objection, and in the spirit of discovery, the defendant WSI is not aware of any complaints or claims made to it about the condition of the parking lot or the Echo gate location. It was reported to the defendant WSI by the Navy on February 10, 2003 that the co-defendant, The Brickman Group, Ltd., always does an "absolutely fantastic job in snow removal."

INTERROGATORY NO. 9: Please state when and by whom the occurrence described in plaintiff's complaint was made known to you.

ANSWER: The occurrence described in the plaintiff's Complaint was formally reported to the defendant WSI's Safety and Environmental Manager, Kevin Bulman, Navy employee, Barbara A. Preson on February 26, 2003 at 11:30 a.m. made known to the defendant WSI, although Officer Foster had called Captain Raspberry to contact 911 immediately following the plaintiff's accident.

INTERROGATORY NO. 10: Was an inspection of the parking lot made within seven days prior to the accident date, to determine whether the area where the Plaintiff was injured was in a safe condition for business invitees, and if so, state the date and time of each

such inspection, whether any log was made of each of the inspections and in whose custody such log(s) currently is(/are) located, the name, address and job title of the person who made each inspection, a description of or the substance of the findings that were made on each inspection and whether any instructions were given as a result of the last inspection to treat the parking lot surface or alter anything in the area of the accident and if so a description of the instructions and the name of each person to whom such instructions were given.

**ANSWER:** Upon advice of counsel, the defendant WSI objects to the extent to the form of this Interrogatory which is confusing. Without waiving this objection, and in the spirit of discovery, the parking lot and the entire Navy Complex was routinely inspected by the Navy, including Dave Sears, and by the defendant WSI's personnel, including Mr. Harman and Mr. Bulman. Prior to February 26, 2003, the snow and ice removal services provided by the co-defendant, The Brickman Group, Ltd., had been inspected on February 18, 2003 and on February 23, 2003 following the completion of those services.

<u>INTERROGATORY NO. 11</u>: If you or any of your agents or employees made any written or oral statement or report related to the alleged occurrence, please state the date of such statement or report, to whom it was made, who prepared it and the exact contents of the same.

**ANSWER:** In anticipation of litigation as a result of a letter dated April 9, 2003 from the plaintiff's attorney, the defendant WSI obtained recorded statements from Mr. Bulman and from Officer Foster as part of its investigation into the plaintiff's claims. As part of that investigation, oral statements from Jerry Varnell, business manager for WSI, Dick Almarode, Work Control Officer; and Mr. Harman who was then the Facilities Manager were obtained and reduced to writing as part of a report prepared by the defendant WSI's investigator. Upon advice of counsel, the defendant WSI refuses to produce these statements which are protected by the work product privilege and the attorney-client privilege.

<u>INTERROGATORY NO. 12</u>: For each person you intend to call as an expert witness at the trial of the instant action, please state the name, address, and profession of each

-8-

**ANSWER:** This claim is within the defendant WSI's self-insured retention. The defendant WSI has asserted a claim of indemnification against the co-defendant, The Brickman Group, Ltd., to the extent that the plaintiff recovers.

**INTERROGATORY NO. 18:** In regard to any agreement under which you were to perform snow or ice removal, or under which a contractor was to perform snow or ice removal on your behalf, at the subject premises, please state:

(a) the name of each party to such agreement;

(b) the date on which such agreement was made;

(c) whether each agreement was oral or written; and

(d) the detailed substance of the provisions of such agreement.

**ANSWER:** In 2003, the defendant WSI was a party to an agreement with the Navy which included certain snow and ice removal services. The defendant WSI subcontracted those snow and ice removal services to the co-defendant, The Brickman Group, Ltd. Copies of the agreements between the defendant WSI and the co-defendant, The Brickman Group, Ltd, have been provided as part of the defendant WSI's responses to the plaintiff's requests for production of documents.

**INTERROGATORY NO. 19:** If you contend that all or part of the injuries or disability alleged by the Plaintiff was caused by any prior or subsequent injuries or illnesses, give a concise statement of the facts upon which you rely.

**ANSWER:** The defendant WSI is unaware as to whether any injuries or disabilities claimed by the plaintiff were caused by any prior or subsequent injuries or illnesses and is not a medical or health care provider. Consequently, the plaintiff is referred to Dr. Wilson's report which discuss his opinions about the plaintiff's claimed injuries.

discovery, the defendant WSI believes that, at the time of the occurrence, the weather was cold (in the 20's degrees Fahrenheit) and that light snow was falling. Prior to February 26, 2003, mid February of 2003 had significant snowfall. By February 22, 2003, temperatures had risen above freezing, and there was rain on February 22, 2003. Temperatures fell on February 26, 2003.

INTERROGATORY NO. 23: Describe in detail the condition of the subject premises and parking lot with regard to snow and ice at the time of the subject incident and for a period of seven days prior to Plaintiff's fall.

ANSWER: The defendant WSI believes that the parking lot and premises had been reasonably cleared of all snow and ice or treated in accordance with the Navy's policies at the time of the subject incident with the exception of the light snow that had fallen and was falling when the plaintiff had his accident. The defendant WSI was told by the Navy that the snow and ice removal had been more than satisfactory prior to the plaintiff's accident and seven days before that date as well.

INTERROGATORY NO. 24: State in detail precisely what safety precautions, if any, were taken in connection with the subject location of this accident, prior to the accident, including, but not limited to what snow or ice removal was performed, and whether any surface treatment was done.

ANSWER: Upon advice of counsel, the defendant WSI objects to this Interrogatory as overly broad and unduly burdensome as to information regarding all safety issues at the subject location. Security was present at the Echo gate. It is the defendant WSI's understanding that the area of the parking lot and the concrete walkways had been cleared of accumulated snow and salted, although a light snow was still falling when the plaintiff had his accident.

INTERROGATORY NO. 25: State the name, address and phone number of all persons known to you who have personal knowledge of facts material to this case.

ANSWER: The Defendant WSI refers the plaintiff to its Rule 26(a)(1) disclosures,