UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| MICHAEL J. PHILBIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE WACKENHUT ) <br> CORPORATION, *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 06-0242 (AK) |

**<u>MEMORANDUM ORDER</u>**

Pending before this Court are motions for summary judgment by Defendant The Brickman Group, Ltd. and Defendant Wackenhut Services, Incorporated, docketed at [25] and [27] respectively. Plaintiff opposed both motions for summary judgment [*see* Oppositions docketed at [29]& [30], respectively] and the Court held a hearing on both motions on May 17, 2007.[1]

Pursuant to Federal Rule of Civil Procedure 56, a party is entitled to summary judgment if the pleadings and evidence show that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-52 (1986). In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. However, the nonmoving party must present more than a "scintilla of evidence" and must

---

[1] Plaintiff's opposition [30] to Defendant Wackenhut Services, Incorporated's motion for summary judgment was titled an "Answer" but will be referenced herein as an "Opposition."

-1-

come forward with specific facts that would enable a reasonable jury to find in its favor. *Id*. at 252; *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the evidence presented by the nonmoving party is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The instant case is based upon Plaintiff Michael Philbin's claim that, on the morning of February 26, 2003, he slipped on a patch of ice, approximately 6 by 12 inches in size, located in the parking lot of the Navy's Nebraska Avenue Complex, and as a result of his slip and fall, he sustained injuries to his leg. (Complaint, ¶3; Opposition [29] Ex. I (Philbin Deposition) at 62-63, 67-68, Ex. L (Pl.'s Answers to Interrogatories) at No. 8.) At the time of the incident, Plaintiff was traversing the parking lot in an effort to get from his car to the building where he worked. Plaintiff claims that the negligence of Defendants Wackenhut Services, Incorporated ("Wackenhut") and/or The Brickman Group ("Brickman") was the underlying cause of his slip and fall, which resulted in his injuries. More succinctly stated, Plaintiff's fall was allegedly attributable to a dangerous condition that was either created by the Defendant(s) or should have been noticed [and corrected] by the Defendant(s); i.e., melting snow running off of snow piles located in the parking lot, which then froze to form "black ice." (Ex. I (Philbin Deposition) at 45-47.)

The accident occurred on property that is occupied by the Department of the Navy. Defendant Wackenhut has a contractual relationship with the Navy to perform certain property management services at the Nebraska Avenue Complex, (Complaint, ¶2, Answer, ¶2), including removal of snow and ice to "ensure passable navigation of . . . parking lots . . . ." and "ensure the safety of NAC pedestrians . . . ." (Opposition [29] Ex. B (contract clauses addressing snow

removal.)) Wackenhut, in turn, entered into a subcontract with Brickman relating to "perform[ance of such] snow and ice removal services to keep . . . parking areas . . . passable and safe to navigate." ) (Opposition [29] Ex. D (subcontract) at 5.) As a preliminary matter, Defendants Wackenhut and Brickman dispute that they owe a duty to the Plaintiff, instead asserting that any duty to protect persons lawfully on property rests with the land owner. This assertion is contrary to the unrebutted authority cited by Plaintiff, suggesting that "[a] party who operates the premises but is neither the owner nor the lessee may also have a duty of reasonable care." *Smith v. Washington Sheraton Corp.*, 135 F.3d 770, 782 (D.C. Cir. 1998).[2] *See also Husovsky v. U.S.*, 590 F.2d 944, 953 (D.C. Cir. 1978) (the "[d]uties owed in connection with the condition of the land" are not necessarily placed on the landowner but are instead "owed by the person in possession of the land" because the possessor has supervisory control over the activities on the land and the condition of the land); *Bostic v. Henkels & McCoy, Inc.*, 748 A.2d 421, 425 (D.C. 2000) (noting that a contractor's duty was the same as any "owner or *occupier* of land", which is to exercise "reasonable care under all the circumstances" to "a person lawfully upon his premises.") (quoting *Croce v. Hall*, 657 A.2d 307, 310 (D.C. 1995) (emphasis in original.)

     Defendants acknowledge that any imposition of a duty on the property owner or possessor "requires notice to the property owner or possessor of any alleged hazard, including snow and ice, in a slip and fall case in order to establish negligence." (Wackenhut Memorandum in support of Motion [27] at 4; Brickman Memorandum in support of Motion [25] at 7-8 ). *See*

---

[2] Neither Defendant filed a reply to Plaintiff's Oppositions and thus, the cases cited by Plaintiff, alleging a duty, have not been addressed by Defendants.

*Marinopoliski v Irish*, 445 A.2d 339, 341 (D.C. 1982) (to support a finding of constructive notice, the cause of the injury must have been foreseeable and such cause must have been present for a sufficient length of time that a property owner should have known of it); *see generally Youssef v. 3636 Company*, 777 A.2d 787, 794 (D.C. 2001) (A landlord's responsibility consists of "removing in a reasonable amount of time only those accumulations [of snow or ice] which he knew or should have known were dangerous.") (quoting *Croce*, 657 A.2d at 310.)[3] In this case, Plaintiff points to no record evidence that Defendants had actual knowledge of any ice in the parking lot, and admits that he never communicated to the Defendants his observations about ice melting and subsequently re-freezing. (Wackenhut Motion [27] Ex. E (Philbin Deposition) at 74-77.) Plaintiff alleges however that "[Wackenhut] breached its duty of reasonable care by failing to detect and remedy the melting and re-freezing snow that created the unreasonably dangerous sheet of ice on which the Plaintiff fell." (Memorandum in support of Opposition [30] at 9; s*ee generally* Motion [27] Ex. B (Harmon Deposition) at 20-23 (discussing whether Wackenhut conducted periodic inspections of the property and would have reported any snow and/or icy conditions to the Navy.)[4]

Defendant Wackenhut asserts that it cannot be liable for any acts by Brickman since Brickman is a "competent independent contractor" and an employer of an independent contractor is not generally liable for physical harm caused by acts or omissions of such contractor. (Memorandum in support of Motion [27] at 7, citing e.g., *Wilson v. Good Humor Corp.*, 757

---

[3]The *Marinopoliski* case also stands for the proposition that the issue of constructive notice is "peculiarly within the province of the jury." 445 A.2d at 341.

[4]Mr. Harmon was the program manager for Wackenhut.

F.2d 1293, 1301 (D.C. Cir. 1985)).  There is record evidence however that while the Navy initiated the snow removal plan, Wackenhut was in charge of conveying such instructions to Brickman and both the Navy and Brickman inspected Wackenhut's work.  (Motion [25], Ex. 8 (Harmon Deposition) at 46, 50-53; Opposition [29], Ex. E (Harmon Deposition) at 43.) Plaintiff accordingly asserts that Wackenhut exercised supervisory control over Brickman with regard to the snow clearance and control over the property, giving it the ability to detect and remedy the dangerous situation.  The extent of Wackenhut's control over Brickman, if any, implicates disputed issues of material fact, as does Wackenhut's alleged constructive knowledge that there was ice in the parking lot. (*See* Opposition [29], Ex. E (Harmon Deposition) at 45, Motion [27], Ex. A (Harmon Affidavit) at ¶5.)

     Plaintiff further argues that "[a] reasonable jury employing its common sense and ordinary reasoning could conclude that Brickman knew or should have known that some of the snow from the large snow piles would melt during the day, that water would collect in the parking lot, and that the meltwater would then freeze overnight."  (Memorandum in support of Opposition [29] at 10.[5])  Plaintiff alleges that "Brickman thus breached its duty to undertake its work in a reasonable manner by placing the snow piles in the parking lot and not removing all the piles to a place where meltwater would not collect on the parking lot and freeze in the path of

---

[5] During the hearing, the parties acknowledged that there are no contemporaneous pictures of the area where the slip and fall occurred.  Plaintiff has testified however that, on the day prior to the slip and fall incident, there were piles of snow in and around the parking lot, and it is undisputed that these snow piles resulted from snow piling operations by Defendant Brickman and snow moving operations by Pogo, a subcontractor retained by Brickman.  (Opposition [29] Ex. I (Philbin Deposition) at 44-49, Ex. F (Grasswick Deposition) at 47-48.)  Mr. Grasswick was the Brickman supervisor for the Nebraska Avenue Complex.

pedestrians." *Id.*[6] Plaintiff also questions whether Brickman should have inspected the work performed by Pogo, and salted or sanded the parking lot in connection with snow removal operations, particularly when the snow piles were moved by Pogo on February 23, 2003. (*See* Opposition [29], Ex. F. (Grasswick Deposition) at 48, Ex. K (Brickman site visit reports).[7]

Accepting as true all allegations by the Plaintiff, the Court finds that while Plaintiff's claim of liability is not strong,[8] there are facts in dispute about the thoroughness of the snow clearance by Brickman and the subcontractor retained by them, and whether or not any remaining patches of ice were evident or should have been evident to either Defendant, as well as the level of control exercised by Wackenhut over its subcontractor, Brickman.[9] These disputed issues of

---

[6] Plaintiff cites *Honolulu v. Cain*, 244 Md. 590, 596, 224 A.2d 433, 436 (1966) (a case that is factually similar, wherein a land owner was chargeable with negligence for allowing snow to be piled up on the grassy periphery of a parking lot in February when it was known [or should have been known] that the snow would melt on the parking lot and freeze to become a hazard.) Plaintiff notes that the case is not binding on this Court.

[7] Some of the piles were moved by Pogo to the perimeter of the parking lot and some were left in the main body of the lot. (Opposition [29] Ex. F (Grasswick Deposition) at 48, Ex. I (Philbin Deposition) at 45, 126-27.) Brickman did not inspect the lot after Pogo moved the snow piles. (Ex. F at 48.)

[8] The record evidence does not place the 6 inch by 12 inch patch of ice, on which the Plaintiff allegedly slipped, in proximity to any mound of accumulated snow, or indicate how long it had been there, or whether the size of the ice patch on a large parking area constituted negligence by the named defendants. (Ex. I (Philbin Deposition) at 44-47, 126.)

[9] Both Defendants assert that Plaintiff's claim must fail because of his contributory negligence or assumption of the risk of his actions but these are questions of fact for the jury, and summary judgment is rarely granted thereon. *See Maalouf v. The Swiss Confederation*, 208 F. Supp. 2d 31, 42-43 (D.D.C. 2002) ("The burden of proving contributory negligence is on the defendant, and the existence of contributory negligence is normally a question of fact for trial.") (citing *Lynn v. District of Columbia*, 734 A. 2d 168, 172 (D.C. 1999)). Similarly, the defense of assumption of risk is "heavily fact-based, and summary judgment based on assumption of risk should therefore be granted only if no real dispute exists as to the Plaintiff's awareness of the relevant danger." *Maalouf*, 208 F.2d at 42.

material fact preclude this Court from granting summary judgment in favor of either Defendant. Accordingly, it is this 5th day of June, 2007,

ORDERED that Defendant The Brickman Group's Motion for Summary Judgment [25] be and hereby is denied, and it is further

ORDERED that Defendant Wackenhut Services, Incorporated's Motion for Summary Judgment [27] be and hereby is denied.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE