IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL J. PHILBIN *
*
Plaintiff *
*
vs. * Civil Action No. 06-0242(AK)
*
THE WACKENHUT CORPORATION, et al. *
*
Defendants *
*
*********************************************

## JOINT PRE-TRIAL STATEMENT

Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16.5, the Parties, by and through their undersigned counsel, file this Joint Pre-Trial Statement and state as follows:

### STATEMENT OF THE CASE

This cases arises as a result of Plaintiff falling on ice on the parking lot of the Nebraska Avenue Complex (NAC) in Washington D.C. The Plaintiff, Mr. Michael Philbin, was an employee of the U. S. Navy and worked at the NAC. The Navy contracted with Wackenhut Services, Inc. (WSI), for snow and ice removal; WSI subcontracted the snow and ice removal to The Brickman Group, Ltd. (Brickman). Brickman's work was supervised and/or inspected by the Navy and Wackenhut. About 10 days before the Plaintiff's fall, a record snow storm dropped over a foot of snow on the NAC. On February 26, 2003, the Plaintiff parked his car in the lot and while walking across the lot slipped and fell on a patch of ice in the parking lot.

This Court has jurisdiction due to diversity of citizenship of the parties.

### PLAINTIFF'S CLAIM

Plaintiff alleges that, following the large snowfall, the snow was piled into large heaps on

the parking lot. During the day, the sun would melt the snow and water would run onto the parking lot. At night the water would freeze into ice. Although some of the piles were moved before the Plaintiff's fall, numerous piles of snow remained in and surrounding areas of the parking lot where they continued to melt during the day and refreeze at night.

Plaintiff alleges that the large piles of snow had been placed on and around the parking lot by Brickman acting at the direction of WSI, and that melting and refreezing of these piles created hazardous ice on the parking lot. WSI was negligent in allowing snow piles to remain on and around the parking lot where it knew or should of known of the danger of the snow melting and refreezing into dangerous ice and permitting the dangerous condition to persist without warning or remediation, as well as negligently exercising supervision over Brickman with regard to the same hazard. Plaintiff alleges that Brickman was negligent in placing dangerous snow piles on and around the parking lot where it knew or should have known that they would melt and refreeze, failing to remove the snow piles from the parking lot to a location where melting during the day would not create runoff onto the parking lot and refreezing at night, and failing to adequately and properly treat the parking lot surface to prevent the formation of hazardous ice and removal of the same. On the morning of the accident it was snowing and, as a result, snow covered the patches of ice on the parking lot, thereby preventing Plaintiff from seeing the location of the patches of ice prior to his fall. As a result of both Defendants' negligence, Plaintiff fell and sustained injuries.

**DEFENDANTS' CLAIMS**

Defendant The Brickman Group, LTD.

The Brickman Group has filed a Cross Claim seeking common law contribution from the

Cross Defendant, Wackenhut Services, Inc.

Defendant Wackenhut Services, Inc.

The defendant, Wackenhut Services, Incorporated ("WSI"), has filed a Cross-Claim, seeking contribution and indemnity from the cross-defendant, The Brickman Group, Ltd. ("Brickman"), under common law.

**DEFENSES**

Defendant The Brickman Group, LTD.

This Defendant has denied all allegations of negligence asserted against it, including the claims for common law indemnification and contribution asserted in Wackenhut's Cross Claim. This Defendant has also asserted defenses of contributory negligence, assumption of risk, statute of limitations, and the exclusive remedy doctrine as affirmative defenses. This Defendant specifically denies that it assumed, or was ever contractually obligated to undertake, the full scope of legal duties owed to business invitees by owners and/or possessors of land, but that its duties are limited to those set forth in the pertinent contract documents.

Defendant Wackenhut Services, Inc.

The defendant WSI contends that it was not negligent and that it cannot, as a matter of law, be legally liable to the plaintiff. The defendant WSI did not control the snow removal treatment services provided to the Department of the Navy which use of services was solely the province of the Department of the Navy. The defendant WSI was not the premises owner and not the land occupier in February of 2003. The defendant WSI was not responsible for the condition of the parking lot on February 26, 2003. In addition, the defendant WSI contends that it was not negligent because it had no notice of any unsafe condition existing in the parking lot of

the Navy Complex prior to the plaintiff's accident. The defendant WSI did not perform snow removal services for the parking lot in February of 2003. Furthermore, the defendant WSI contends that the defendants did not have the opportunity to correct the existence of snow and/or ice, if ice existed, in the parking lot because of weather conditions that existed and because of when the alleged ice developed, that the defendant Brickman was engaged in reasonable efforts to keep the parking lot reasonably safe, and that the defendant Brickman did not cause any unsafe condition in the parking lot. Finally, the plaintiff's claim is barred by his contributory negligence and assumption of the risk of his injuries.

**WITNESSES**

Plaintiff Michael Philbin

Michael J. Philbin
13900 Congress Drive
Rockville, MD 20853
(301)-871-5347

Plaintiff, Michael J. Philbin, will testify as to all issues of liability and damages.
Estimated time for testimony: 1 ½ hours

Marilyn Philbin
13900 Congress Drive
Rockville, MD 20853
(301)-871-5347

Marilyn Philbin is Plaintiff's wife. She will testify as to the Plaintiff damages.
Estimated time for testimony: 45 minutes

Eileen Tokunaga
12910 Margot Drive
Rockville, MD 20853

Eileen Tokunaga is Plaintiff's daughter. She will testify as to the Plaintiff's damages.
Estimated time for testimony: 30 minutes

James Takunaga
12910 Margot Drive
Rockville, MD 20853

James Takunaga is Plaintiff's son-in-law. He will testify as to the Plaintiff's damages.
Estimated time for testimony: 30 minutes

*M. Joel Morse, DPM, FACFAOM
Foxhall Podiatry Associates, P.C.
3301 New Mexico Ave., NW #216
Washington, DC 20016
202-966-4811

Dr. M. Joel Morse will testify as to the treatment of the Plaintiff and will give his expert opinion related to Plaintiff's injury, treatment, disability from work, diagnosis, causal relationship, and reasonableness and necessity of treatment and bills.
Estimated time for testimony: 1 hour

*Denis Harris, MD
3301 New Mexico Ave., NW
Washington, DC 20016
(202)-362-4787

Dr. Denis Harris will testify as to the treatment of the Plaintiff and will give his expert opinion related to plaintiff's injury, treatment, disability from work, diagnosis, causal relationship, and reasonableness and necessity of treatment and bills.
Estimated time for testimony: 1 hour

Department of the Navy - Plaintiff's Employer
Navel Network and Space Operations Command Detachment
5280 Fourth Street
Dahlgren, VA 22448

A representative from Plaintiff's employer will be called to produce lost wage information and documents.
Estimate time for testimony: 20 minutes

Adam A. Grasswick (if needed)
618 Aldershot Road
Baltimore, MD 21229

Mr. Grasswick may be called to testify as to Brickman's obligations and performance, and the condition of the site on the date of the injury as well as prior thereto.
Estimated time for testimony: 30 minutes

Jeremy L. Harmen (if needed)
4137 Chatham Village
King George, VA 22485

Mr. Harmen may be called to testify as to WSI's obligations and performance and the condition of the site on the date of the injury as well as prior thereto.
Estimated time for testimony: 45 minutes

Gregory Lewandowski (if needed)
2940 New Rover Road
West Friendship, MD 29794

Mr. Lewandowski may be called to testify as to Brickman's obligations and performance on the date of the injury as well as prior thereto.
Estimated time for testimony: 30 minutes

The Plainitff reserves the rights to call as fact or expert witnesses any witness named by the Defendants; to call rebuttal and/or impeachment witnesses; and to supplement this list based on ongoing discovery.

Defendant The Brickman Group, LTD.

1. Greg Lewandowski - subcontract scope and performance
   Branch Manager
   The Brickman Group
   2630 Spencerville Road
   Burtonsville, Maryland 20866
   20 minutes

2. Adam Graswick - subcontract scope and performance
   2630 Spencerville Road
   Burtonsville, Maryland 20866
   30 minutes

3. Jim Whidden - contract scope and performance
   Wackenhut Services, Inc.
   10 minutes

4. Jay Harman - contract and subcontract scope and performance
Wackenhut Services, Inc.
30 minutes

5. Dave Sears - contract and subcontract scope and performance
Department of the Navy
20 minutes

6. Representative of Pogo - subcontract performance
10 minutes

7. *Robert H. Wilson, M.D. - orthopaedic evaluation of Plaintiff
2041 Georgia Avenue, N.W.
Suite 4300, Towers Building
Washington, D.C. 20060
45 minutes

This Defendant reserves the rights to call as fact or expert witnesses any witness named by the Plaintiff; to call rebuttal and/or impeachment witnesses; and to supplement this list based on ongoing discovery.

Defendant Wackenhut Services, Inc.

The defendant WSI will call the following witnesses:

1. Jeremy ("Jay") L. Harman;
4173 Chatham Village,
King George, VA 22485, all liability issues as to the plaintiff's claim and as to the cross-claims,1 hour;

2. David Sears,
3432 Misty Dawn Court,
Virginia Beach, Virginia 23456; all liability issues as to the plaintiff's claim and as to the cross-claims, 1 hour;

3. Adam A. Grasswick; all liability issues as to the plaintiff's claim and as to the cross-claims, 30 minutes;

4. Gregory Lewandowski; all liability issues as to the plaintiff's claim and as to the cross-claims, 30 minutes;

5. *Robert H. Wilson, M.D.,
Howard University Hospital
2041 Georgia Avenue NW
#4300
Washington, D.C. 20017-2103; Dr. Wilson will provide his expert opinions as to the plaintiff's medical condition, treatment, causal relationship, and fairness, reasonableness and necessity of the plaintiff's medical treatment and bills.
1 hour.

The defendant WSI reserves the right to call as fact or expert witnesses any other witnesses identified by the plaintiff or by the defendant Brickman.

**EXHIBITS**

Plaintiff Michael Philbin

a. Sibley Memorial Hospital medical records, 02/26/03 to 03/01/03

b. Sibley Memorial Hospital bills, 02/26/03 to 03/01/03

c. Denis Harris, M.D. medical records, 02/26/03 to 02/16/04

d. Denis Harris, M.D. medical bills, 02/26/03 to 02/16/04

e. Physiotherapy Associates medical records, 04/23/03 to 08/27/03

f. Physiotherapy Associates medical bills, 04/23/03 to 08/27/03

g. M. Joel Morse, DPM medical records 07/15/03, 08/06/03

h. M. Joel Morse, DPM medical bills 07/15/03, 08/06/03

i. Weather reports 02/14/03 to 02/26/03

j. Photographs of the scene and injury

k. Pleadings of the Defendants

l. WSI's contract(s) with the U.S. Navy

m. Discovery responses of the Defendants

n. Contract between WSI and Brickman, 03/26/02

o. WSI Snow and Ice Removal Plan, 10/18/02

p. Brickman site visit reports, 12/05/02 to 02/28/03

q. Maps of the Nebraska Avenue Complex

r. Depositions taken during discovery and Exhibits thereto

s. Lost wage documentation

The Plaintiff reserves the right to introduce any and all additional exhibits produced and/or requested in discovery; all exhibits listed by the Parties; and rebuttal and/or impeachment exhibits.

Defendant The Brickman Group, LTD.

(a) Navy/Wackenhut contract documents

(b) Wackenhut/Brickman Subcontract

(c) Snow and Ice Removal Plan, 10/18/02

(d) Scene photographs

(e) Parking lot diagram

(f) Incident Report

(g) NOAA Weather Reports

(h) Snow Removal Site Visit Reports

(i) Deposition exhibits, including site photos

(j) C.V. and Report of Dr. Wilson

This Defendant reserves the right to introduce any and all additional exhibits produced and/or requested in discovery; all exhibits listed by the Parties; and rebuttal and/or impeachment

exhibits.

Defendant Wackenhut Services, Inc.

1. The contracts between the Department of the Navy and the defendant WSI;

2. The subcontracts between the defendant WSI and the defendant Brickman;

3. The Snow and Ice Removal Plan dated October 18, 2002;

4. The cellular phone record of Mr. Harman for February 26, 2003;

5. Photographs of the parking lot;

6. Diagrams of the parking lot;

7. Department of the Navy police report;

8. NOAA weather records and satellite records;

9. Snow removal logs and site visit reports of the defendant Brickman;

10. Email correspondence from Department of Navy dated February 7, 2003 from Captain Dave Arnold sent to Dave Sears;

11. The plaintiff's workers compensation records;

12. The plaintiff's medical records;

13. The plaintiff's answers to the interrogatories of the defendant WSI;

14. The plaintiff's answers to the interrogatories of the defendant Brickman;

15. The plaintiff's responses to the requests for production of documents of the defendant WSI;

16. The plaintiff's responses to the requests for production of documents of the defendant Brickman;

17. The plaintiff's Complaint;

18. The plaintiff's condensed deposition transcript with exhibits;

19. The curriculum vitae of Robert H. Wilson, M.D.;

20. The IME report of Robert H. Wilson, M.D.; and

21. Any exhibits identified by the plaintiff or by the defendant Brickman or introduced at the trial.

**DEPOSITIONS**

Plaintiff Michael Philbin

Plaintiff may offer the following portions of J. Harman's deposition:

p. 7:13 to 9:16
p. 16:5 to 17:19
p. 19:17 to 21:11
p. 23:20 to 24:7
p. 35:16 to 43:21
p. 45:10 to 45:18
p. 46:6 to 46:12
p. 58:12 to 58:20
p. 68:9 to 70:11
p. 72:1 to 72:21
p. 74:18 to 75:20
p. 77:6 to 80:1
p. 81:16 to 83:10
p. 103:20 to 104:22

Plaintiff may offer the following portions of G. Lewandowski's deposition:

p. 7:15 to 9:20
p. 10:20 to 11:10
p. 12:19 to 18:7
p. 19:6 to 23:12
p.25:7 to 27:21

Plaintiff may offer the following portions of A. Grasswick's deposition:

p. 8:1 to 9:8
p. 13:20 to 14:12

p. 38:16 to 40:19
p. 42:2 to 44:15
p. 47:3 to 49:12
p. 50:21 to 55:12
p. 57:16 to 58:17
p. 62:6 to 63:8
p. 66:14 to 67:4
p. 68:16 to 72:8

Plaintiff reserves the right to use the any section relied on in its earlier Oppositions to the defendants' Motions for summary judgment, and any section identified by another party.

Defendant The Brickman Group, LTD.

(a) Michael Philbin: 116/16 - 117/4; 119/8 - 120/6; 121/14 - 21; 123/2 - 124/21; 125/11 - 126/11; 127/19 - 128/8.

(b) Jeremy Harman: 7/13 - 8/13; 46/2 - 8; 49/18 - 50/13; 51/22 - 52/21.

Defendant Wackenhut Services, Inc.

The defendant WSI reserves the right to use any deposition testimony upon which it relied for its motion for summary judgment from the deposition transcripts of the plaintiff and from the deposition transcripts of Mr. Lewandowski and Mr. Graswick. The defendant further reserves the right to use any designations of deposition transcripts of those witnesses identified by any other party.

**DAMAGES**

Plaintiff claims economic damages for:

Past medical expenses of $21,549.84

Past lost wages of $24,744.08.

Plaintiff also claims non-economic damages for:

Permanent injuries sustained to his leg.

Permanent disfigurement of his leg.

Permanent disability of his leg

Past and future pain, suffering and mental anguish

**REQUESTS FOR RELIEF**

Plaintiff Michael Philbin

Plaintiff requests full and fair compensation for his economic and non-economic damages

Defendant The Brickman Group, LTD.

This Defendant respectfully requests a dismissal with prejudice as to all claims asserted against it.

Defendant Wackenhut Services, Inc.

The defendant WSI asks for judgment as a matter of law as to the plaintiff's negligence claim against it. Upon obtaining a defense verdict, the defendant WSI will file a bill of costs, seeking all of its reimbursable costs.

**PROPOSED STIPULATIONS OF FACT**

The defendant WSI believes that the parties may be able to agree to the weather conditions prior to and around the time of the plaintiff's accident as well as the weather conditions in February of 2003 as reported by NOAA.

The plaintiff and the defendant Brickman have not been able, as of yet, to agree to the stipulation.

**PROPOSED VOIR DIRE**

Plaintiff Michael Philbin

The plaintiff's proposed voirdire will be filed separately.

Defendants

The defendant WSI's proposed voirdire will be filed separately. The defendant Brickman will provide its additional voirdire if necessary.

**JURY INSTRUCTIONS**

The defendant WSI's proposed jury instructions will be filed separately. The plaintiff and the defendant Brickman will provide their respective additional jury instructions.

**PROPOSED VERDICT SHEET**

Plaintiff Michael Philbin

The plaintiff's proposed verdict sheet will be provided separately.

Defendants

The defendant's proposed verdict sheet will be provided separately. The defendant Brickman will provide its verdict sheet if necessary.

**OTHER MATTERS**.

The defendant WSI requests that the plaintiff consent to the dismissal of the improperly named defendant, The Wackenhut Corporation.

RESPECTFULLY SUBMITTED,

ASHCRAFT & GEREL, LLP

/s/ Jerry Spitz
Jerry Spitz #413137

/s/ Kelly E. Cook
Kelly E. Cook, *pro hac vice*
11300 Rockville Pike, Suite 1002
Rockville, Maryland 20852
(301) 770-3737
Attorneys for Plaintiff

JORDAN, COYNE & SAVITS, L.L.P.

By: /s/ *DEBORAH MURRELL WHELIHAN*
Deborah Murrell Whelihan, #412454
1100 Connecticut Avenue, N.W.
Suite 600
Washington, D.C. 20036
(202) 296-4747
Attorneys for Defendant Wackenhut Services, Incorporated

ARMSTRONG, DONOHUE, CEPPOS & VAUGHAN, CHARTERED

By: /s/ *H Patrick Donohue*
H. Patrick Donohue #1986
204 Monroe Street, Suite 101
Rockville, Maryland 20850
(301) 251-0440

Attorney for Defendant Brickman Group, Ltd.