## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL J. PHILBIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 06-0242 (AK) |
| | ) | |
| THE WACKENHUT CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANT WACKENHUT SERVICES, INCORPORATED'S
### PROPOSED VOIR DIRE

The Defendant, Wackenhut Services, Incorporated, submits this Proposed Voir Dire and states as follows:

This lawsuit concerns negligence claim made by the plaintiff as a result of a February 26, 2003 slip and fall accident. The plaintiff, Michael J. Philbin, claims that he fell on ice covered by snow in the parking lot of the Department of Navy's Nebraska Avenue Complex. The defendants are Wackenhut Services, Incorporated and The Brickman Group, Ltd.

LADIES AND GENTLEMEN:      In order for the Court and for counsel for the parties to determine best whom among you are qualified and competent to receive the evidence in this case and to judge and determine the facts and issues impartially, without bias or prejudice, against or in favor of any party, we ask each of you the following questions:

1.      Do any of you, the prospective members of the jury panel, have any knowledge, firsthand or otherwise, concerning the facts as just described to you in the present case?

2.      The plaintiff, Michael J. Philbin, resides at 13900 Congress Drive, Rockville, Maryland, and, until his retirement, had been employed by the U.S. Navy, Naval Network and

Space Operations Command Detachment.  Do any members of the prospective jury panel know or are you personally acquainted with the plaintiff in this case or with any members of his family?

3.      The defendant, Wackenhut Services, Incorporated, provides security and property management services to the federal government and provided those services to the Department of the Navy in February of 2003.  Do any members of the prospective jury panel know of or are they personally familiar with the defendant, Wackenhut Services, Incorporated?  If so, how is the prospective member familiar with the defendant, Wackenhut Services, Incorporated?

4.      The defendant, The Brickman Group, Ltd., provides landscaping and snow removal services and, in February of 2003, provided those services to the Department of the Navy through a subcontract with the defendant, Wackenhut Services, Incorporated.  Do any members of the prospective jury panel know of or are they personally familiar with the defendant, The Brickman Group, Ltd.?  If so, how is the prospective member familiar with the defendant, The Brickman Group, Ltd.?

5.      The plaintiff, Michael J. Philbin, is represented by attorneys, Robert G. Samet, Jerry D. Spitz, and Kelly E. Cook of the law firm Ashcraft & Gerel, LLP.  Do any members of the prospective jury panel know or are you acquainted, either personally or professionally, with Mr. Samet, Mr. Spitz or Mr. Cook or with any other attorneys or employees of their law firm, Ashcraft & Gerel, LLP?

6.      The Defendant, Wackenhut Services, Incorporated, is represented by Deborah Murrell Whelihan of the law firm of JORDAN, COYNE and SAVITS, LLP.  Do any members of the prospective jury panel know or are you acquainted, either personally or professionally, with

Ms. Whelihan, or with other attorneys or employees of her law firm?

7.    The Defendant, The Brickman Group, Ltd., is represented by H. Patrick Dohohue, Esquire of the law firm of Armstrong, Donohue, Ceppos & Vaughn, Chartered. Do any members of the prospective jury panel know or are you acquainted, either personally or professionally, with Mr. Donohue or with other attorneys or employees of his law firm?

8.    Besides the plaintiff, the following individuals may be called as fact witnesses:

    (a)    Marilyn Philbin;

    (b)    Jeremy ("Jay") Harman;

    (c)    David Sears;

    (d)    Adam A. Grasswick;

    (e)    Gregory Lewandowski;

    (f)    Eileen Tokunaga

    (g)    James Takunaga

    (h)    a representative of Pogo, and

    (i)    a representative from the Department of the Navy,

Does any member of the prospective jury panel know or are they personally acquainted with anyone who might be a fact witness in this matter?

9.    In addition to the persons already mentioned, the following individual may be called as expert witnesses:

    (a)    M. Joel Morse, D.P.M., FACFAOM;

    (b)    Denis Harris, M.D.

    (c)    Robert H. Wilson, M.D.

Does any member of the prospective jury panel know or are they personally acquainted with Dr. Morse, Dr. Harris, or Dr. Wilson?

10.     Has any member of the prospective jury panel ever brought a claim or had a claim made against him or her; or has any member of the prospective jury panel ever been a plaintiff or defendant or otherwise been involved in any lawsuit?  If so, what was the nature of the claim or lawsuit?  What was the outcome?  Was there anything about the income that would influence you one way or another?

11.     Has any immediate family member, or close relative, or close friend of the prospective jury panel, ever brought a claim against anyone or had a claim made against them or ever been a plaintiff or defendant in any lawsuit?  If so what was the nature of the claim or lawsuit?  What was the outcome?  Was there anything about the income that would influence you one way or another?

12.     Has any member of the prospective jury panel served on a jury panel in a civil lawsuit?  If your answer is yes, please identify:

    (a)     the court in which the case was heard;

    (b)     when the case was heard;

    (c)     the subject matter of the case; and

    (d)     the result.

13.     Has any member of the prospective jury panel, or any member of your family ever studied law, received any legal training of any kind, or ever worked for a lawyer, governmental agency, or other organization dealing with legal matters?

14.     Has any member of the prospective jury panel, or any member of your family ever

studied medicine, received any medical training of any kind, or ever worked for a physician, hospital, or any business dealing with medical issues?

15.     Do any members of the prospective jury panel know any other prospective jurors? If so, what is your relationship with that other prospective juror?

16.     It is anticipated that this trial may be three to four days in length.  Does any member of the prospective jury panel have any condition or disability that would prevent him or her from serving as a juror in this matter?  Is any prospective juror taking any medication that might cause drowsiness or in any other way affect your ability to give full time and attention to this case?  Does any member of the prospective jury panel have any employment or other obligation, including vacation plans, that would prevent him or her from serving as a juror in this case for any reason?

17.     Is there any member of the prospective jury panel who could not render a fair and impartial verdict based solely on the evidence heard from the witness stand in this case because this case involves a claim of personal injury?

18.     Does any member of the prospective jury panel believe that a plaintiff must always be awarded some type of compensation because of his injuries or damage claims?

19.     Does any member of the prospective jury panel member have any moral or religious belief against judging another's actions or belief against the resolution of disputes through litigation?

20.     Is there any member of the prospective jury panel who does not believe he or she would follow the law that the Court instructs the jury to follow even if he or she disagrees with it?

21.     The Court in its instructions will advise you that, in arriving at a verdict, you must not be motivated by sympathy for or prejudice against any party, but that you must base your verdict solely on the evidence produced in this courtroom and that you must put aside all feelings of sympathy and prejudice and be entirely objective in your decision.  Is there any member of the prospective jury panel who feels that he or she may be unable or unwilling to follow such an instruction?

22.     Is there any member of the prospective jury panel who feels that his or her sympathy, emotions, bias, prejudice or anger to effect his or her ability to render a fair and just verdict based solely on the evidence presented in this case and on no other consideration?

23.     Before selecting you as a possible juror in this case, is there anything in your background that you think the Court or that counsel for the parties should know about but have not asked?

Respectfully submitted,

JORDAN, COYNE & SAVITS, L.L.P.

By:   /s/ *Deborah Murrell Whelihan*
        Deborah Murrell Whelihan, #412454
        1100 Connecticut Avenue, N.W.
        Suite 600
        Washington, D.C.  20036
        (202) 296-4747
        Attorneys for Defendant Wackenhut Services,
        Incorporated

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Defendant Wackenhut Services, Incorporated's Proposed Voir Dire were served electronically on this 28th day of June, 2007, to:

6

Robert G. Samet, Esquire
Kelly E. Cook, Esquire
Ashcraft & Gerel, LLP
One Central Plaza
Suite 1002
11300 Rockville Pike
Rockville, MD 20852,
Attorneys for Plaintiff;

Jerry D. Spitz, Esquire
Ashcraft & Gerel, LLP
2000 L Street, NW
Suite 400
Washington, DC  20036,
Attorneys for Plaintiff; and

H. Patrick Donohue, Esquire
Armstrong, Donohue, Ceppos &
  Vaughan, Chartered
204 Monroe Street
Suite 101
Rockville, MD 20850,
Attorney for Defendant The Brickman Group, Ltd.


  /s/ *__Deborah Murrell Whelihan__*
Deborah Murrell Whelihan